**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 15-cv-02296-WYD-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2005 FORD F-150 SUPERCREW XLT, VIN: 1FTPW14545KE80841,

    Defendant.

**ORDER REGARDING CLAIMANT SHINO'S MOTION TO STAY DISCOVERY**

This matter comes before the Court on the following motion:

    1.    Claimant's motion to stay discovery (document #19).[1]

By Order of reference, (document #20), this matter has been referred to the Magistrate Judge. The Court has reviewed the pending motion. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. The Court has also considered the statements of the parties, both the Government and Mr. Shino, which were made at the scheduling conference. **I GRANT** this motion for the reasons discussed below and thus stay discovery in this action:

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.,* 299 U.S. 248, 254–

---

[1] "(ECF #19)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States,* 282 U.S. 760, 763 (1931).

To resolve motions to stay discovery, this District has adopted the following five-factor balancing test: (1) prejudice of a stay to plaintiff's interest in proceeding expeditiously; (2) the burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and (5) the public interest. *See String Cheese Incident, LLC. v. Stylus Shows, Inc.,* 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006). *See also, Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir.2003); *Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)(quoting *Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971). A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at*2 (D.Colo. Mar. 2, 2007). However, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003).

This matter is apparently in the nature of a seized asset, the 2005 Ford truck, which the Government wishes to have forfeited due to its supposed involvement in drug trafficking. Ms.

Shino is a claimant. Mr. Shino apparently has a criminal action pending against him in the State of Colorado. During the scheduling conference, Mr. Shino informed the Court and AUSA Andrews that he wished to stay the forfeiture action until the conclusion, which sounds relatively imminent, of his criminal action. It seems that there is a significant likelihood of resolution of this action that may accompany resolution of the State criminal action.

Keeping the aforementioned in mind, I will now look to the relevant *String Cheese* factors. With regard to the Plaintiffs' interest in proceeding expeditiously, I do not find that a stay would overly burden that interest at this time. The Government has the truck and it is not going anywhere at this time. The overall value of the asset to the Government is not enormous and it not overly depreciating at this time. The request to stay is entirely reasonable under these circumstances. At this stage, keeping in mind that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003). The Court believes that to be the most appropriate manner of proceeding. As to interests of third parties and the public interest, neither of those factors appear to be at issue in this action more than in any other matter.

Therefore, it is ORDERED that discovery is stayed pending further Order of the Court.

Dated at Grand Junction, Colorado, this 10th day of February, 2016.

_____
Gordon P. Gallagher
United States Magistrate Judge